UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE L. HARRIS,

    Plaintiff,

v.

RON DAVIS, et al.,

    Defendants.

Case No. 17-cv-03269-MEJ (PR)

**ORDER OF DISMISSAL**

Plaintiff Maurice L. Harris, a state prisoner incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff's application for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff asserts that he is a practitioner of the Buddhist faith and is a member of the Soka Gakkai International ("SGI")—a Buddhist network. According to plaintiff, "studying Buddhist texts electronically" is part of his practice. Compl. at 3. Plaintiff filed a prison administrative appeal requesting a religious accommodation for a CDCR-approved electronic reading device ("eReader") to use for study of religious books. The appeal was denied. Plaintiff claims that the denial violates his rights under the Equal Protection Clause because other inmates are permitted to have eReaders. Specifically, inmates who participate in the Voluntary Education Program ("VEP") may possess an eReader for college study, and certain other groups of inmates are permitted to purchase eReaders based on their security level.

Plaintiff's allegations fail to establish an equal protection violation. The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners). The court must consider whether "the difference between the defendants' treatment of [the inmate] and their treatment of [other] inmates is 'reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). Plaintiff fails to show that inmates of other

faiths were allowed to purchase eReaders in order to specifically pursue spiritual practice. Indeed, he acknowledges that prison officials, in denying his request, were acting under CDCR operational procedures unrelated to religion. Plaintiff even admits that he was personally allowed to possess an eReader when he was a participant in the VEP. Plaintiff's allegations likewise fail to support a claim that the denial of an eReader deprived him of a reasonable opportunity to practice his religion. *See Cruz*, 405 U.S. at 322.

Plaintiff also alleges that defendants violated his due process rights by "not referring Plaintiff's religious request to the Religious Review Committee, and not following the established property policies." Compl. at 5. These allegations do not state a cognizable claim for relief, even when liberally construed, because there is no constitutional right to a religious review committee, nor is there any other federal law implicated by the alleged failures to follow prison procedures.

Accordingly, the complaint will be dismissed. Such dismissal will be without leave to amend, as any amendment to state a constitutional claim under the circumstances alleged herein would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 7, 2017

MARIA-ELENA JAMES
United States Magistrate Judge