UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. HARRIS,<br>　　　　Plaintiff,<br>　　v.<br>RON DAVIS, et al.,<br>　　　　Defendants. | Case No. 17-cv-03269-MEJ (PR)<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT AND REOPENING ACTION**<br><br>Re: Dkt. No. 7 |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, alleging an equal protection violation in the prison's refusal to grant his religious accommodation request for an electronic reading device ("eReader") to use for the study of religious texts. Leave to proceed in forma pauperis was granted in a separate order. Following an initial review of the amended complaint, the case was dismissed for failure to state a cognizable claim for relief, and judgment was entered. Plaintiff has filed a motion to alter or amend the judgment.

Because the motion was filed after judgment was entered, it is construed as a request for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff asserts that he is a practitioner of the Buddhist faith and is a member of the Soka Gakkai International ("SGI")—a Buddhist network. According to plaintiff, "studying Buddhist texts electronically" is part of his practice. Compl. at 3. The Court dismissed plaintiff's complaint on the grounds that he failed to allege that inmates of other faiths were allowed to purchase eReaders in order to specifically pursue spiritual practice, as required to state an equal protection claim.

In his Rule 60(b) motion, plaintiff argues that: (1) his complaint was brought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and (2) his equal protection claim was gender based. Although these claims were not made clear in the original complaint, the Court cannot say it would be futile for plaintiff to amend his pleadings.[1] Accordingly, plaintiff's motion will be granted pursuant to Rule 60(b)(6), and the Court will grant plaintiff another opportunity to plead his claim(s), if he can do so in good faith, by filing an amended complaint. Plaintiff shall keep the following legal standards in mind as he prepares his amended complaint.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The statute applies to any "program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc1(b)(1).

Congress intended to distinguish RLUIPA from traditional First Amendment jurisprudence in at least two ways. First, it expanded the reach of the protection to include "'any religious exercise,' including 'any exercise of religion, whether or not compelled by or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting *Cutter v. Wilkinson* 544 U.S. 709, 715 (2005) and 42 U.S.C. § 2000cc-5(7)(A)). RLUIPA "bars

---

[1] Plaintiff referred to RLUIPA in his inmate appeals, which are attached as exhibits to the complaint. However, the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one.

any inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Greene*, at 986. Second, as opposed to the deferential rational basis standard of *Turner v. Safely*, 482 U.S. 78, 89-90 (1987), RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is "'in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.'" *Greene*, at 986 (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)).

RLUIPA does not define "substantial burden." *San Jose Christian College*, 360 F.3d at 1034 (9th Cir. 2004). Construing the term in accord with its plain meaning, the Ninth Circuit holds that "a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* A burden is substantial under RLUIPA when the state "'denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Shakur*, 514 F.3d at 888 (quoting *Thomas v. Review Bd. of the Ind. Employment Sec. Div.*, 450 U.S. 707, 717-18 (1981)).

The Equal Protection Clause of the Fourteenth Amendment requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987). An inmate "must set forth specific facts showing a genuine issue as to whether he was afforded a reasonable opportunity to pursue his faith as compared to prisoners of other faiths" and that "officials intentionally acted in a discriminatory manner." *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

In his amended complaint, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate cause of action. Sweeping

conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim(s) by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's motion to alter or amend the judgment is GRANTED, and the Clerk is directed to REOPEN the action. The September 7, 2017 order of dismissal and judgment (dkt. nos. 5, 6) are VACATED.

2. If plaintiff can cure the pleading deficiencies in his complaint, he shall file an amended complaint within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 17-3269 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff must also provide dates and locations for the alleged incidents. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the dismissal of this case without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the prior complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall include a copy of the court's form complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: October 6, 2017

MARIA-ELENA JAMES
United States Magistrate Judge