UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03269-HSG (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING REQUEST FOR ENTRY OF DEFAULT**<br><br>Re: Dkt. Nos. 21, 25 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. On December 27, 2017, the Court found that plaintiff had stated a claim for violation of his religious rights and ordered service on two defendants, SQSP Warden Ronald Davis and CDCR's former Director of Adult Institutions Kelly Harrington. Now before the Court is plaintiff's motion for a temporary restraining order ("TRO") seeking access to the prison law library. Plaintiff states that he has been denied access to the law library since June 28, 2018 due to a lockdown period.

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In *Winter*, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely. *Id.* at 21; *see also American Trucking Association v. Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*Winter* standard replaces the previous tests for preliminary injunctions that had been used in the Ninth Circuit).

Plaintiff has failed to meet his burden under *Winter* because he does not show that he is likely to succeed on the merits. *Id.* Indeed, plaintiff claims that he needs immediate library access not to litigate this case but to pursue a separate action for deliberate indifference to medical needs. *See* Dkt. No. 25-2 at 2. Further, plaintiff cannot show that he is likely to suffer irreparable harm in the absence of a TRO. There are no pending deadlines in this action because the Court is still awaiting a returned summons from the United States Marshal showing whether defendant Harrington was successfully located and served. Once both defendants are served, the Court will enter a schedule for them to file a dispositive motion. Plaintiff has not shown that he will lack library access when the time comes for him to respond to such motion.

Having concluded that plaintiff has not demonstrated a likelihood of success on the merits at this stage of litigation or a likelihood of irreparable harm, the Court exercises its discretion in declining to consider the remaining factors relevant to determining whether a preliminary injunction should issue. *See Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). Accordingly, plaintiff's motion for a TRO is DENIED. To the extent plaintiff is still experiencing limited access to the prison law library when he is preparing his opposition to defendants' dispositive motion, the Court will afford plaintiff additional time to submit his opposition, so long as he makes a request for extension of time no later than the deadline sought to be extended.

Because not all defendants have been served, plaintiff's request for entry of default is DENIED.[1]

---

[1] On June 21, 2018, plaintiff filed a letter reporting that he had read a Prison Legal News article stating the defendant Harrington was the new warden at Kern Valley State Prison ("KVSP") and

2

This order terminates Dkt. Nos. 21 and 25.

**IT IS SO ORDERED.**

Dated: 7/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

asking that he be served there. *See* Dkt. No. 23.  Plaintiff is advised that the warden of KVSP is Christian Pfeiffer.  An on-line search indicates that Kelly Harrington is now an Assistant Sheriff with the Los Angeles County Sheriff's Department, where service is currently being attempted.