UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. HARRIS,<br>　　　　Plaintiff,<br>　v.<br>RON DAVIS, et al.,<br>　　　　Defendants. | Case No. 17-cv-03269-HSG (PR)<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE DEFENDANT; SCHEDULING ORDER**<br><br>Re: Dkt. No. 28 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. On December 27, 2017, the Court found that plaintiff had stated a claim for violation of his religious rights and ordered service on two defendants, SQSP Warden Ronald Davis and CDCR's former Director of Adult Institutions Kelly Harrington. Defendant Davis has been served and has appeared through counsel in this action. After an on-line search showed that Kelly Harrington left the CDCR to join the Los Angeles County Sheriff's Department, service was attempted there. On April 16, 2018, the summons for defendant Harrington was returned unexecuted with the notation "Not a L.A. Sheriff's Employee." Dkt. No. 27. Now before the Court is plaintiff's motion to dismiss defendant Harrington as a defendant and replace him with CDCR's current Director of Adult Institutions, Kathleen Allison.

Plaintiff seeks only injunctive relief, and it appears he is suing the Director of Adult Institutions in his or her official capacity. It therefore is appropriate to substitute the current holder of the positions formerly held by the named defendant, Harrington. *See* Fed. R. Civ. P. 25(d). Plaintiff's motion will be GRANTED. The caption shall be amended to show Ron Davis and Kathleen Allison as defendants, and the amended caption shall be used by the parties in future filings.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to substitute defendant is GRANTED. The Clerk shall terminate Kelly Harrington on the docket in this action and replace him with Kathleen Allison.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint (dkt. no. 9) with all attachments, a copy of the Court's December 27, 2017 order of service (dkt. no. 10), and a copy of this order on **Kathleen Allison** at **Division of Adult Institutions, California Department of Corrections and Rehabilitation, P. O. Box 942883, Sacramento CA, 94283.**

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

2

hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Dkt. No. 28.

**IT IS SO ORDERED.**

Dated:  9/12/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge