UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. HARRIS,<br><br>   Plaintiff,<br><br>  v.<br><br>RON DAVIS, et al.,<br><br>   Defendants. | Case No. 17-cv-03269-HSG<br><br>**ORDER DENYING REQUEST FOR ANCILLARY JURISDICTION OVER SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 63 |

Plaintiff, a California prisoner proceeding *pro se* and currently incarcerated at San Quentin State Prison, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's request that the Court retain ancillary jurisdiction over the settlement agreement. Dkt. No. 63. The Court DENIES this request for the following reasons.

**PROCEDURAL BACKGROUND**

On November 10, 2020, the Court dismissed this action with prejudice pursuant to the November 6, 2020 Stipulation for Voluntary Dismissal with Prejudice (Fed. R. Civ. P. 41(a)(1)(A)(ii)), executed by both Plaintiff and counsel for Defendants. Dkt. Nos. 61, 62. In the Order of Dismissal, the Court did not specifically retain jurisdiction over the settlement agreement.[1] Dkt. No. 62. A status conference before Judge Illman has been set for January 5, 2021 regarding payment and signatures. Dkt. No. 60.

**DISCUSSION**

Plaintiff requests that the Court retain ancillary jurisdiction over the settlement agreement until the agreement has been executed, stating that he is uncertain whether Defendants have

---

[1] Neither party requested that the Court retain jurisdiction over the settlement agreement. *See* Dkt. No. 61.

1   executed the settlement agreement because he has not received a copy of the settlement agreement
2   signed by both parties. Dkt. No. 63. Plaintiff's request is DENIED.
3         A district court retains jurisdiction over a settlement agreement only if (1) the order specifically states that the court retains jurisdiction, or (2) the court embodies the agreement in its dismissal order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). A dismissal order that merely states it is "based on" or was issued "pursuant to" a settlement does not embody the agreement, and there is no ancillary jurisdiction to enforce the agreement. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). In addition, a "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381; *see also id.* ("even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal."). If a district court retains jurisdiction over a settlement agreement, breach of the settlement agreement violates the court's order, thereby providing the district court ancillary jurisdiction to enforce the agreement. *Id.* at 381. However, where a district court has not specifically retained jurisdiction over a settlement agreement, the district court lacks authority to decide any dispute arising from a settlement agreement, e.g., a motion to enforce the agreement, after dismissal of the suit. *Id.* at 382.

      Here, the Court did not specifically retain jurisdiction over the settlement agreement in the Order of Dismissal. Accordingly, Plaintiff's request that the Court retain ancillary jurisdiction over the settlement agreement is DENIED.

**CONCLUSION**

      For the foregoing reasons, the Court DENIES Plaintiff's request that the Court retain ancillary jurisdiction over the settlement agreement. The Court notes that a status conference will take place in less than two weeks that is intended to address the issues of signatures and payment. Dkt. No. 60. Plaintiff is advised to raise his concerns at the status conference. The Court requests that Defendants provide Plaintiff with a signed copy of the settlement agreement.

//

//

1 | This order terminates Dkt. No. 63.

2 | **IT IS SO ORDERED.**

3 | Dated: 12/28/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge